SENTELLE, Senior Circuit Judge,
dissenting:
While I agree with the majority’s description of the facts and history of this *875 case, I find that I am unable to join the majority’s conclusion. This appears to me to be one of the not unusual cases which is determined by the standard of review. As the majority acknowledges, in this case the standard of review is plain error. However, I do not agree with the majority that the application of that standard demands reversal.
As the majority acknowledges, appellant did not preserve the alleged errors in the district court. That is why our review is under the plain error standard. As the majority agrees, under that standard
appellant must show: “(1) there is in fact an error to correct; (2) the error is plain; (3) it affects substantial rights; and (4) it seriously affects the fairness, integrity, or public reputation of. judicial proceedings.”
Maj. Op. at 871 (quoting United States v. Akhigbe, 642 F.3d 1078, 1085-86 (D.C.Cir.2011)).
Even -conceding that appellant has shown error, I do not see that the error is plain, affects substantial rights, or seriously affects the fairness, integrity, or public reputation of judicial proceedings. The errors alleged by appellant and recognized by the majority focus on the significance or clarity of various statements by the court in the sentencing proceedings. Granting that these might benefit from a clearer record, that appears to me to be precisely what the requirement for raising the error in the court of first instance is designed to provide. That is to say, we are giving the record only plain error review precisely because defendant appellant did not give the trial court the opportunity to clarify its statements at the trial level. I do not see the sort of plainness of error that should survive the litigant’s failure to provide the trial court that opportunity.
I will agree that in the broadest sense if there is an error, it could affect substantial rights of the defendant, although a sentence which appears sustainable upon an adequate record may not affect those substantial rights very much. I certainly do not see how on the complete record as it now stands, the fairness, integrity or public reputation of the proceedings is in danger.
Therefore, although I fully respect the concerns of my colleagues, I cannot agree that appellant has established a right to relief under the plain error standard.